OPINION OF THE COURT
Vincent J. Hand, J.
This motion by the defendants for an order compelling the plaintiff Patricia Mosele to submit to a blood test, and cross motion by plaintiffs for a protective order denying the motion of the defendants for plaintiff Patricia Mosele to submit to a blood test, are determined as follows:
*410 The order of this court dated February 3, 1988 which granted defendants’ motion, as unopposed, is hereby vacated since the parties in fact consented to an adjournment of defendants’ motion and plaintiffs’ cross motion, to February 11, 1988. Plaintiffs’ cross motion was not submitted to this court until February 11, 1988.
Plaintiffs’ bill of particulars dated June 31, 1986, paragraph 11 (b) included the following allegation: "Upon information and belief, the plaintiff will continue to suffer from hormonal imbalances, hypothyroidism, and resultant cold extremities, swelling in her legs, increased weight, headache, fatigue, hypertension, phlebitis, eczema, and increased risk of breast cancer resulting from estrogen treatments for severe surgical menopause and increased risk of exposure to AIDS due to the blood transfusions required by the surgical procedures. Upon information and belief, all of the above are permanent.”
A blood test is the only dispositive test on the question of whether, in fact, the plaintiff has been exposed to the AIDS virus as a result of prior surgical procedures or other causes.
The plaintiff, in her affidavit, sworn to January 6, 1988 in support of her cross motion, asserts her fear of her possible exposure to the AIDS virus as a result of prior blood transfusions required in surgical procedures necessitated as a result of the alleged medical malpractice of the defendants.
Psychological repercussions of a positive test on the plaintiff and her husband, a coplaintiff, and plaintiffs’ children, together with the loss of confidentiality, the effect of a positive test on plaintiff’s health and life insurance, are reasons proffered by the plaintiffs in opposition to defendants’ motion and in support of plaintiffs’ cross motion.
The plaintiffs’ cross motion for a protective order is also based upon the defendants’ failure to offer a reasonable excuse for the delay of six months in seeking further discovery and the failure of the defendants to demonstrate any unusual or unanticipated circumstances developed subsequent to the time plaintiffs filed the note of issue arid certificate of readiness on June 30, 1987. The genesis of defendants’ present motion is the contents of plaintiffs’ bill of particulars (supra) dated and served July 31, 1986.
The prejudice to the defendants by being deprived of a dispositive test result far outweighs plaintiffs’ position that the defendants have waived their right to the relief sought herein because the plaintiffs’ note of issue and certificate of *411 readiness were filed on June 30, 1987, and defendants waited six months before submitting the motion for an order compelling plaintiff to submit to a blood test. The requested test will not delay the trial of this action or unfairly prejudice the plaintiffs.
Accordingly, plaintiffs’ cross motion for a protective order is denied.
Defendants’ motion is granted to the following extent:
All references to increased risk of exposure to AIDS and any and all references to AIDS shall be redacted from all papers and such shall not be submitted, directly or indirectly, at trial unless the plaintiff Patricia Mosele submits to a blood test at least 10 days prior to trial.
The extraction of blood may be by plaintiffs’ doctor, at defendants’ cost and with defendants’ doctor present. (See, Alderstein v South Communities Hosp., 109 Misc 2d 158.)
The evidentiary question for the trial court, viz., the alleged increased risk of exposure to AIDS due to the blood transfusions required by posttrial surgical procedures that may be required as a result of the alleged medical malpractice of the defendants, is not a matter for determination by this court.